UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMORY MCQUEEN, | No. 2:17-cv-0378 WBS AC P |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF No. 8. Plaintiff has also filed a "motion for emergency ADA certification" (ECF No. 4) and a motion for appointment of counsel (ECF No. 9). The court addresses each motion herein.

I. Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). See ECF No. 8. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     Motion for Appointment of Counsel

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests the appointment of counsel because he is unable to pay for counsel himself. ECF No. 9 at 1. He also asserts that his imprisonment, his placement in administrative segregation, his limited access to the law library, and his limited legal knowledge and education require the appointment of counsel. Id. These circumstances are not exceptional. Accordingly, the court will deny plaintiff's motion to appoint counsel (ECF No. 9) without prejudice.

III.    Motion for Emergency ADA Certification

On March 6, 2017, plaintiff filed a document labeled "motion for emergency ADA certification." ECF No. 4. The document, a one page pleading with proof of service and twenty pages of exhibits, states verbatim and in its entirety the following: "I Samory McQueen now motion the court for emergency certification of ADA disability right(s) with exhibits in support of motion request." ECF No. 4 at 1. Attached to this statement are seven exhibits, some of which relate to scheduled classification hearings and mental health assessments for plaintiff. Others

relate to complaints plaintiff has filed against prison staff.  See generally id. at 3-23.

On its face, it is unclear what plaintiff seeks by this motion.  However, it appears that the exhibits may support some of the claims in plaintiff's complaint (e.g. deliberate indifference, retaliation).  Compare ECF No. 4, with ECF No. 7.  Upon screening, the court will consider permitting amendment to include these exhibits.  Because plaintiff's motion for emergency ADA certification (ECF No. 4) fails to specify the relief sought or provide a legal basis for court intervention, the motion will be denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 8) is GRANTED;
2. Plaintiff's motion requesting appointment of counsel (ECF No. 9) is DENIED without prejudice, and
3. Plaintiff's motion for emergency ADA certification (ECF No. 4) is DENIED without prejudice.

The court will screen the complaint in due course.

DATED:  March 30, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE