UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMORY MCQUEEN,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | No. 2:17-cv-0378 WBS AC P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

On August 6, 2018, plaintiff filed a first amended complaint. See ECF No. 18. For the reasons stated below, the first amended complaint will be dismissed, and plaintiff will be provided an opportunity to file a second amended complaint.

I. PROCEDURAL HISTORY

On February 21, 2017, plaintiff filed a motion for a temporary restraining order along with a motion to appoint counsel.[1] ECF No. 1. On March 3, 2017, the court denied the motions and

---
[1] The document named the State of California, the California Department of Corrections' Mental Health Delivery System and correctional officers Morton and Esquivel as defendants. See ECF No. 1.

1

1 | directed plaintiff to file a complaint on the court form that it sent to him and to do so within thirty days. See ECF No. 3 at 2. The court also directed plaintiff either to file an in forma pauperis application with the court or to pay the filing fee. See id.

On March 6, 2017, plaintiff filed a one-page "motion for emergency ADA certification." ECF No. 4. Thereafter, on March 24, 2017, plaintiff filed a civil rights complaint.[2] ECF No. 7. On April 4, 2017, plaintiff filed a motion to proceed in forma pauperis as well as a motion for the appointment of counsel. ECF Nos. 8, 9.

Plaintiff's in forma pauperis motion was granted and the motion to appoint counsel was denied by the court on March 30, 2018. ECF No. 14. At that time, the court also denied plaintiff's motion for emergency ADA certification because it failed to specify the particular relief sought or to provide a legal basis for court intervention. See id. at 3. Screening of the complaint remained pending.

On August 6, 2018, plaintiff filed a first amended complaint of his own volition. See ECF No. 18. Because the court did not grant plaintiff leave to file an amended complaint, the court considers the original complaint filed March 24, 2017 (see ECF No. 7) herein. See Fed. R. Civ. P. 15(a)(2) (stating in relevant part that party may only amend pleading if court has given leave to do so).

II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

---

[2] The complaint named U.S. Special Master Clark Kelso, U.S. Department State Hospital, and California Health Care Facility Warden M. Martell as new defendants. See ECF No. 7 at 1-2. However, these parties were not added to the docket.

2

Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III. PLEADING STANDARD

    A. Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

3

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

B. Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

IV. PLAINTIFF'S COMPLAINT[3]

Plaintiff's complaint makes the following claims:

Claim One: Defendant N. Morton, a correctional officer, demonstrated deliberate indifference to plaintiff's mental health needs and retaliated against him in violation of his rights under the First and Eighth Amendments when he threatened plaintiff and plaintiff received notice of a possible investigation following plaintiff's request for an "interview of item of service"[4] in November 2016. See generally ECF No. 7 at 3-5.

Claim Two: In December 2016, defendant Morton, correctional officers G. Esquivel, M. Diaz, and J. Prado and another unknown correctional officer[5] used excessive force when,

---

[3] On its face, the complaint appears to present three claims. However, each claim section contains more than one distinct claim. See generally ECF No. 7 at 3-7.

[4] The complaint indicates that the form plaintiff filled out requesting what he calls an "interview of item of service" was a CDCR 22 request form. See ECF No. 7 at 3-4. The form stated that defendant Morton had harassed plaintiff and had engaged in retaliation and misconduct against him and that defendant Morton had also threatened to beat him. As a result, plaintiff reported in the form that he feared for his safety. See ECF No. 7 at 3-5.

[5] The court notes that G. Esquivel, M. Diaz and J. Prado are not formally identified as defendants in this action. See ECF No. 7 at 1-2. Therefore, the court will direct the Clerk of Court to add these individuals to the docket.

4

while plaintiff was handcuffed and lying on the ground, they kicked and punched him in the face and lower body to retaliate against him because he had filed a complaint against defendant Morton. See id. at 3-4. Thereafter, plaintiff contends, defendants fabricated reports and created self-inflicted injuries to cover up their use of excessive force. See id. at 3, 5.

Claim Three: Unnamed defendants failed to protect plaintiff from being beaten despite his filing of the CDCR 22 form in November 2016 that had alerted officials of defendant Morton's harassment, misconduct and threatened retaliation against him. See id. at 5.

Claim Four: The manner in which the unnamed defendants entered his cell violated prison policy and video requirements. See id.

Claim Five: In October 2016, a mental health care doctor at a state health care facility in Stockton demonstrated deliberate indifference to plaintiff's serious mental health needs in violation of the Americans with Disabilities Act ("ADA") when s/he failed to evaluate and treat plaintiff and/or provide "accurate medication treatment programs." See ECF No. 7 at 6. This, plaintiff claims, was discriminatory, constituted deliberate indifference and led to his serious physical harm and injury. See id.

Plaintiff seeks nominal, compensatory and punitive damages for his psychological, physical and emotional harm in the amount of $20,000.00. See ECF No. 7 at 8.

V.     APPLICABLE LAW

  A.     Deliberate Indifference

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and citations omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 834 (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). This second prong... "is satisfied by showing (a) a purposeful act or failure to respond to a

prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted); accord, Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Lemire v. CDCR, 726 F.3d 1062, 1081 (9th Cir. 2013).

The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. Then he must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 847. Mere negligent failure to protect an inmate from harm is not actionable under § 1983. See id. at 835.

B. Excessive Force

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners." Farmer, 511 U.S. at 832 (citing Hudson v. McMillian, 503 U.S. 1 (1992)). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7 (brackets added) (referencing Whitley v. Albers, 475 U.S. 312 (1986)).

"[T]he extent of injury suffered by an inmate is one factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation." Hudson, 503 U.S. at 7 (internal quotation marks omitted) (citing Whitley 475 U.S. at 321. "When determining whether the use of force was wanton and unnecessary, evaluating the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response may also be proper to evaluate. See Hudson, 503 U.S. at 7 (citation omitted). The absence of serious injury is therefore relevant to the Eighth Amendment inquiry but does not end it. Hudson, 503 U.S. at 7.

////

While de minimis uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson, 503 U.S. at 9 (citing Whitley, 475 U.S. at 327). "Injury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts." Wilkins v. Gaddy, 559 U.S. 34, 38 (2010).

C.  Personal Safety

The Eighth Amendment requires prison officials to take reasonable measures to guarantee inmates' safety. See Farmer, 511 U.S. at 832. Indeed, the right to personal security constitutes an "historic liberty interest" which is not extinguished by lawful confinement, even for penal purposes. See Youngberg v. Romero, 457 U.S. 307, 315 (1982) (citations omitted).

A prisoner may state a Section 1983 claim under the Eighth Amendment against prison officials when the officials acted with deliberate indifference to the threat of serious harm or injury to him. Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1160 (9th Cir. 2013). "Deliberate indifference" has both subjective and objective components. See id. First, a prison official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists. Then, the official must also draw the inference. See id. (citing to Farmer, 511 U.S. at 837 (internal quotations omitted)). Liability may follow only if a prison official knows that inmates face a substantial risk of serious harm and the official disregards that risk by failing to take reasonable measures to abate it. Labatad, 714 F.3d at 1160.

D.  Retaliation

A viable First Amendment claim for retaliation has five elements. First, plaintiff must allege and show that he engaged in conduct protected by the First Amendment. See Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012). Second, a "plaintiff must claim that the defendant took adverse action against the plaintiff." Id. (citing Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005)). "The adverse action need not be an independent constitutional violation." Id. (citing Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995)). Third, plaintiff must allege and show a causal connection between the protected conduct and the adverse action. Id. Fourth, the plaintiff

7

must allege and prove either a chilling effect on the exercise of First Amendment rights or some other harm. Id. Finally, plaintiff must allege and show that the retaliatory action "'did not advance legitimate goals of the correctional institution[.]'" Id. (quoting Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985)).

VI. DISCUSSION

    A.    Claim One

The precise factual basis for Claim One is unclear. The court cannot tell whether plaintiff means to allege (1) that defendant Morton demonstrated deliberate indifference to his serious mental health needs when, after plaintiff filled out a request for services form related to his mental health, defendant Morton threatened him and caused an investigation into plaintiff to be opened, or (2) that defendant Morton violated plaintiff's rights under the First Amendment when, after plaintiff filled out the CDCR 22 form which reported that defendant Morton had threatened to beat him, defendant Morton and others later assaulted him in his cell. See generally ECF No. 7 at 3-4. Plaintiff is required to provide sufficient facts to support his claims to relief. See Twombly, 550 U.S. at 570. This includes identifying supporting facts, actors, and harm caused by the alleged violations of right. Because the claim is unclear, plaintiff will be given an opportunity to make it clear in an amended complaint.

    B.    Claim Two

Claim Two alleges cognizable claims of excessive force and retaliation by defendants Morton, Esquivel, Diaz and Prado in violation of plaintiff's Eighth and First Amendment rights. See ECF No. 7 at 3-4. As a result, these claims may proceed. Potential claims against the unknown correctional officer who participated in plaintiff's beating exist as well. However, in order to proceed with claims against that defendant, plaintiff will need to identify the individual. See Jones, 297 F.3d at 934 (stating personal participation requirement). Otherwise, the claims against him/her will have to be dismissed.

    C.    Claim Three

Claim Three states that unidentified defendants failed to protect plaintiff from being beaten despite the fact that plaintiff had filed the CDCR 22 form that alerted officials to Morton's

harassment and threats of retaliation. See ECF No. 7 at 5. This is not enough information to state a cognizable claim. Plaintiff will need to identify the defendants, establish that they were, in fact, the ones who were obligated to protect plaintiff, and state how their failure to do so led to any harm he experienced. See Ortez, 88 F.3d at 809 (stating requisite link between actions of defendants and harm caused).

### D. Claim Four

Claim Four is not cognizable under Section 1983. This is because it alleges that prison authorities failed to follow prison policies regarding how to enter plaintiff's cell and how to document the entry on video. See ECF No. 7 at 5. Section 1983 permits civil action and relief for the violation of one's rights under the U.S. Constitution. See 42 U.S.C. § 1983. A state's violation of its own laws does not create a cognizable federal claim. See Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (citation omitted) (stating no Section 1983 liability for violation prison policy). For this reason, Claim Four may not be considered by this court.

### E. Claim Five

Claim Five alleges that in October 2016, an unidentified defendant demonstrated deliberate indifference to plaintiff's serious mental health needs when s/he failed to properly evaluate and treat plaintiff. These facts appear unrelated to the events that give rise to plaintiff's other claims in this action of excessive force, deliberate indifference, personal safety and retaliation stemming from the complaint plaintiff filed in November 2016. See generally ECF No. 7 at 6-7. Defendants may only be joined in one action if claims arise from the "same transaction, occurrence, or series of transactions or occurrences." See Fed. R. Civ. P. 20(a)(2). For this reason, Claim Five appears to be improperly joined and may not be considered in this action.[6]

## VII. REMAINING DEFENDANTS

The complaint makes no claims against the State of California and the CDCR, who are listed as defendants on the docket. See generally ECF No. 7. The complaint does name three

---

[6] This finding, however, does not prevent plaintiff from making this claim in a separate complaint.

defendants who are not identified on the docket: Clark Kelso, U.S. Special Master; U.S. Department State Hospital; and M. Martell, California Health Care Facility Warden. However, plaintiff does not allege that any of these parties violated his rights. See generally ECF No. 7.

As noted above, the complaint clearly alleges violations of right committed by correctional officers G. Esquivel, M. Diaz, and J. Prado (see ECF No. 7 at 3), who are not listed as defendants (see id. at 1-2).

In any amended complaint, plaintiff should take care to identify as defendants all individuals who allegedly violated his rights. Plaintiff should omit as named defendants any individuals or entities against whom he does not make specific factual allegations involving a deprivation of rights.

VIII. OPTIONAL LEAVE TO AMEND

Plaintiff will be given the opportunity to amend the complaint. If plaintiff chooses to file an amended complaint, the court will dismiss the instant complaint without prejudice, and the newly filed amended complaint will take its place. See Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012) (stating amended complaint supersedes original complaint). Any amended complaint filed should observe the following:

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

An amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. See L.R. 220 (E.D. Cal. 2009). This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Loux v. Rhay, 375

F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

IX. PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

Claim Two in your complaint states cognizable First and Eighth Amendment retaliation and excessive force claims against Morton, Esquivel, Diaz, and Prado on the grounds that they kicked and punched you while you were handcuffed and face down on the ground and that they did so in retaliation because you had filed a complaint against defendant Morton. Therefore, Claim Two may remain a part of this action.

Claims One and Three need more facts, and may state claims depending on what further information you provide. Claim One, alleging deliberate indifference to your mental health needs, does not clearly identify what happened and who did what. Claim Three fails to identify the defendants who did not protect you and/or prevent you from being beaten. You will be given an opportunity to amend these claims.

Claims Four and Five are not properly before this court. Claim Four asserts a violation of right because prison officials did not follow prison procedures when they entered your cell. Prison officials' failure to follow their own rules and regulations does not violate any of your rights under the U.S. Constitution. Claim Five relates to a completely different incident that predated the filing of your November 2016 complaint against defendant Morton and the subsequent beating you experienced at his and other named defendants' hands. Claims in an action must stem from the same incident or controversy. For these reasons, Claims Four and Five may not be reviewed by this court in this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint filed August 6, 2018 (ECF No. 18) is STRICKEN as filed without leave of court (see Fed. R. Civ. P. 15(a)(2));

2. Plaintiff's complaint filed March 24, 2017 (ECF No. 7) is DISMISSED with leave to amend; and

////

3. Within thirty days of the date of this order, plaintiff shall file a second amended complaint. Failure to file an amended complaint within the time allotted may result in the dismissal of this action for failure to prosecute.

DATED: May 30, 2019

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE