UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMORY MCQUEEN,<br><br>            Plaintiff,<br><br>     v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>            Defendants. | No.  2:17-cv-0378 WBS AC P<br><br><br>ORDER |

Plaintiff, a former state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before the court is plaintiff's Second Amended Complaint ("SAC").  See ECF No. 22.  As explained more fully below, the court finds that some of plaintiff's allegations state claims against some defendants and some do not.  Plaintiff may elect to proceed immediately on the claims that are found below to be viable, or he may amend for a final time.

I.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.   The Second Amended Complaint

Plaintiff, a former inmate at California Health Care Facility ("CHCF"), names as defendants CHCF correctional officers S. Morton, G. Esquivel, M. Diaz, B. Barrett, J. Prado, J. Rankins, L. Ma, K. Saetern, E. Fajardo, and N. Ny. ECF No. 22 at 2-3. The SAC alleges in sum a follows.

In November 2016, plaintiff filed a CDCR Form 22 reporting that Officer Morton had been harassing him and threatening to beat him. When Morton learned of plaintiff's complaint about his conduct, he became very upset and continued to verbally abuse and harass plaintiff. Id. Plaintiff feared for his life and reported the ensuing campaign of harassment to a prison psychiatrist, but the doctor could do nothing to help him. Plaintiff then covered his cell windows in an attempt to bring attention to his situation and be moved away from officer Morton. On the same day, December 27, 2016, Morton announced that he was "tired of this shit," activated his alarm, and entered plaintiff's cell along with Officers Esquivel, Diaz, Prada, Barrett, Ma, Rankins and Saetern. Plaintiff was pushed against the wall and then to the floor, handcuffed, and then punched in the face and lower body and kicked all over. While the named officers were assaulting plaintiff, Officers Fajardo and Ny failed to intervene. ECF No. 22 at 12-13.

Morton thereafter falsified his report about what had happened, and had plaintiff placed in the administrative segregation unit on false charges of assault. This was to cover up Morton's own use of excessive force. Id. at 13.

III.   Claims for Which a Response Will Be Required

A.   Claim One: First Amendment Retaliation

Plaintiff's First Cause of Action is for retaliation. ECF No. 22 at 14. It is well-established that incarcerated persons have a First Amendment right to file prison grievances. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009) (citations omitted). Adverse actions taken by correctional officers in response to such protected activity can support a retaliation claim. To

3

state a viable claim of First Amendment retaliation, an inmate must plead facts showing that (1) a state actor took some adverse action against the inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (fn. and citations omitted). Allegation of a concrete harm from the retaliatory conduct will satisfy the "chilling" requirement. Id. at 568, n.11.

The allegations of the SAC support a retaliation claim against Officer Morton. Plaintiff contends in essence that Morton escalated his harassment of plaintiff and ultimately orchestrated a beating in retaliation for plaintiff's complaint about his previous misconduct. Morton is alleged to have known about and been angered by the complaint, and the alleged facts thus adequately support an inference of retaliatory intent. Accordingly, defendant Morton will be required to respond to Claim One.

        B.    Claims Two and Three: Eighth Amendment Excessive Force

The SAC's Second and Third Causes of Action assert that plaintiff's due process and Eighth Amendment rights were violated by the false report, administrative segregation placement, and other disciplinary consequences. ECF No. 22 at 14-17. Plaintiff also seeks relief for the alleged use of excessive force by Officers Morton, Esquivel, Diaz, Prado, Barrett, Rankins, Ma, Saetern, Fajardo and Ny. Id. at 15-17.

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Hudson v. McMillian, 503 U.S. 1 (1992)). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7.

The allegations of the SAC are sufficient to state an excessive force claim against defendants Morton, Esquivel, Diaz, Prado, Barrett, Rankins, Ma, and Saetern. Plaintiff's allegations, liberally construed, establish that these individuals directly participated in punching

and kicking plaintiff while he was handcuffed on the floor, which would reflect the required malicious intent. These defendants will be required to respond to that portion of Claims Two and Three alleging the excessive use of force on December 27, 2016.

IV. Failure to State a Claim

A. Claim One (Retaliation) as to Defendants Other Than Morton

As noted above, plaintiff has alleged facts showing that Morton was aware of plaintiff's complaint against him, and behaved in a retaliatory manner. To the extent that plaintiff seeks to hold Officers Esquivel, Diaz, Prado, Barrett, Rankins, Ma, Saetern, Fajardo and Ny liable for retaliation, his allegations fail to state a claim against them. None of the other defendants is alleged to have known about plaintiff's complaint against Morton, expressed hostility to plaintiff on that basis, participated in Morton's campaign of harassment, or participated in the alleged beating *because of* plaintiff's protected First Amendment activity. Accordingly, Claim One of the SAC does not state a viable retaliation claim against any defendant other than Morton.

B. Claims Two and Three (Excessive Force) as to Defendants Fajardo and Ny

Peace officers have an affirmative duty to intervene to protect those in custody from constitutional abuses by their fellow officers. See United States v. Reese, 2 F.3d 870, 887-88 (9th Cir. 1993); Ting v. United States, 927 F.2d 1504, 1511 (9th Cir. 1991). Officers may be held liable for failing to intercede if they had an opportunity to do so. See Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000). However, plaintiff's allegations that Officer Fajardo and Ny failed to intercede are entirely conclusory. These defendants are not alleged to have entered plaintiff's cell with Morton and the others. There are no allegations specifying where Fajardo and Ny were, what they were doing, or otherwise supporting an inference that they had a reasonable opportunity to intercede. Accordingly, plaintiff has not stated a claim against them.

C. Claims Two and Three (Due Process)

In the SAC's Second and Third Causes of Action, plaintiff contends that his Due Process and Eighth Amendment rights were violated by the false report that Morton wrote about the use of force incident, plaintiff's initial placement in administrative segregation, and the 90-day credit loss and SHU term he ultimately received on the basis of the false charges. ECF No. 22 at 14-17.

The Due Process Clause does not guarantee freedom from false accusations, and the filing of a false disciplinary report against an inmate therefore is not actionable under Section 1983 where procedural due process protections were provided. See Freeman v. Rideout, 808 F.2d 949, 951-952 (2nd Cir. 1986); Hanrahan v. Lane, 747 F.2d 1137. 1141 (7th Cir. 1984). Plaintiff cannot state a claim for relief based on the alleged falsity of the report or disciplinary charges.

Due process does require certain minimal procedural protections in the prison disciplinary context. A prisoner must generally be provided with (1) written notice of the charges; (2) a hearing with advance notice; (3) a written statement by the fact finders of the evidence relied on and the reasons for taking disciplinary action; (4) the opportunity to call witnesses in his defense, if doing so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance if he is illiterate or the issues are particularly complex. Wolff v. McDonnell, 418 U.S. 539, 556-71 (1974). Plaintiff has provided no information about his disciplinary hearing, and has alleged no facts showing that he was denied any of these procedural due process protections. Accordingly, he has not stated a claim for the denial of procedural due process.

Finally, plaintiff cannot state a constitutional claim for placement in segregation because due process is only implicated by restraint which imposes atypical and significant hardship on a prisoner in relation to the ordinary incidents of prison life. See Sandin v. Conner, 515 U.S. 472, 483-84 (1995). The Ninth Circuit has held that administrative segregation does not meet this standard, because it is contemplated by the inmate's sentence. See May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997). Disciplinary segregation, too, is generally contemplated by the underlying sentence. See Resnick v. Hayes, 213 F.3d 443 (9th Cir. 2000). Plaintiff has pleaded no facts showing that anything about his segregated confinement imposed "atypical and significant hardship." Nor has he alleged that he was subjected in administrative segregation or in the SHU to specific conditions of confinement that amounted to "cruel and unusual punishment" within the meaning of the Eighth Amendment. Accordingly, plaintiff has not stated a claim for relief under either the Due Process Clause or the Eighth Amendment related to his segregation.

////

V. <u>Leave to Amend</u>

For the reasons set forth above, the court finds that the complaint does not state cognizable claims based on the allegedly false report, disciplinary proceedings, credit loss, or segregation. The court finds that plaintiff has stated a First Amendment retaliation claim against defendant Morton only, and an excessive force claim against defendants Morton, Esquivel, Diaz, Prado, Barrett, Rankins, Ma, and Saetern only. Neither of those two claims are sufficient against any other defendants, however. Because it is possible that plaintiff could allege facts to remedy the defects of some claims against some defendants, he will be provided an opportunity to amend.[1] In the alternative, he may proceed immediately on the claims that have been found suitable for service, dismissing all other claims and defendants.

Plaintiff may proceed forthwith to serve defendants Morton on his First Amendment retaliation claims, and defendants Morton, Esquivel, Diaz, Prado, Barrett, Rankins, Ma, and Saetern on his excessive force claim, or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his retaliation claim against Morton and his excessive force claim against Morton, Esquivel, Diaz, Prado, Barrett, Rankins, Ma, and Saetern without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of all other claims and defendants.

If plaintiff chooses to file an amended complaint, it will take the place of plaintiff's original complaint. <u>See</u> <u>Lacey v. Maricopa Cty.</u>, 693 F.3d 896, 925 (9th Cir. 2012) (stating

////

---

[1] Plaintiff is informed that, for the reasons explained above, the undersigned will recommend dismissal of any claim included in a Third Amended Complaint that is based on (1) the allegedly false report and/or disciplinary charges; (2) the 90-day credit loss, unless plaintiff was denied a disciplinary hearing as required by <u>Wolff</u>; or (3) plaintiff's placement in segregation, unless something about the conditions in segregation independently violated Eight Amendment minimum standards of confinement.

7

amended complaint supersedes original complaint).  Any amended complaint filed should observe the following:

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

An amended complaint must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).  Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint.  See E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

IV.   Summary for Pro Se Plaintiff

The magistrate judge finds that you have stated a claim against Officer Morton for retaliating against you, and against Officers Morton, Esquivel, Diaz, Barrett, Prado, Rankins, Ma, and Saetern for excessive force.  If you want to move forward on those claims right away and drop your other claims, the court will order the Second Amended Complaint to be served on those defendants.  You could also choose to amend your complaint one last time, to try to fix some of the claims that the court has found do not state a claim for relief.  You have 14 days to let the court know what you want to do.

If you want to amend the complaint, you will be given thirty days to do so.  You should keep in mind that (1) you cannot base a claim on a false report or false RVR charges, and (2) you cannot base a claim on a disciplinary finding or punishment if you had a hearing that followed the

rules. To state a retaliation claim against anyone other than Morton, you have to present facts showing that they acted against you *because of* the complaint you had filed about Morton.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Second Amended Complaint has been screened as follows:

    a. Plaintiff's First Cause of Action states a cognizable retaliation claim against defendant Morton only, and does not state a claim for relief against any other defendant.

    b. Plaintiff's Second and Third Causes of Action state a cognizable excessive force claim against defendants Morton, Esquivel, Diaz, Barrett, Prado, Rankins, Ma, and Saetern but not against defendants Fajardo and Ny.

    c. The Second and Third Causes of Action do not state a claim for relief against any defendant under the Due Process Clause or on any basis other than use of excessive force.

2. Plaintiff has the option to proceed immediately on his First Amendment retaliation claim against defendant Morton and his Eighth Amendment excessive force claim against defendants Morton, Esquivel, Diaz, Barrett, Prado, Rankins, Ma, and as set forth in Section III above, or to amend the complaint.

3. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a third amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of all other claims and defendants.

DATED: January 11, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMORY MCQUEEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　　Defendants. | No.  2:17-cv-0378 WBS AC P<br><br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

　　　CHECK ONE:

_____ Plaintiff would like to proceed immediately on his First Amendment retaliation claim against Defendant Morton and his Eighth Amendment excessive force claim against Defendants S. Morton, G. Esquivel, M. Diaz, B. Barrett, J. Prado, J. Rankins, L. Ma, and K. Saetern only.  By choosing to go forward without amending the complaint, plaintiff consents to the dismissal without prejudice of the claims against the remaining named defendants pursuant to Federal Rule of Civil Procedure 41(a)(1).

_____ Plaintiff would like to amend the complaint.

DATED: _____

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　SAMORY MCQUEEN
　　　　　　　　　　　　　　　　　　　　　Plaintiff Pro Se